UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| United States for the use and benefit of Safway Services, LLC,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NEI Contracting and Engineering, Inc., et al.,<br><br>　　　　　　　　　　　　　Defendants. | Case No.: 16-cv-01389-JLB<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE REQUEST TO RESUME JURISDICTION, REOPEN CASE AS TO ALL PARTIES, AND ENTER MONEY JUDGMENT AS TO DEFENDANT NEI CONTRACTING AND ENGINEERING, INC.**<br>**[ECF No. 34]** |
|---|---|

On December 27, 2016, Plaintiff, UNITED STATES for the use and benefit of SAFWAY SERVICES, LLC, ("SAFWAY") through its attorney Christina Melhouse, filed an ex parte motion requesting that the Court resume jurisdiction, reopen the case as to all parties, and enter a money judgment against Defendant NEI CONTRACTING AND ENGINEERING, INC., a California corporation ("NEI"), pursuant to the terms of Settlement Agreement entered into by the parties on August 18, 2016 and filed with the court as attachment to the Amended Notice of Settlement of Complaint (ECF No. 21), the Stipulation for Dismissal of Complaint and Cross-Complaint Without Prejudice entered into by the parties on September 7, 2016 (ECF No. 27), the Order Granting Stipulation for Dismissal (ECF No. 33), and in addition to the Stipulation Re: Entry of Judgment on Complaint (ECF No. 34-2), filed concurrently with the instant ex parte motion. On December 30, 2016, the Court reopened the case and set a deadline of January 10, 2017 for the parties to respond to the instant ex parte motion. (ECF No. 35.) On January 10, 2017,

defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC") filed a Notice of Non-Opposition to the Court Resuming Jurisdiction and Reopening the Case as to All Parties. (ECF No. 36.) To date, Defendant NEI has not filed a response to the instant ex parte motion. On January 26, 2017, the Court held a telephonic status conference regarding the instant ex parte motion and was provided no argument in opposition to the motion. (ECF Nos. 37, 38.)

A federal court has jurisdiction to enforce a settlement agreement in a dismissed case where, as here, the dismissal order states that the court has retained jurisdiction to enforce the settlement agreement. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)); *see also Wackeen v. Malis*, 97 Cal. App. 4th 429, 440 (2002). In such cases, "a breach of the [settlement] agreement would be a violation of the [dismissal] order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Kokkonen*, 511 U.S. at 381. Further, where the parties placed the material terms of their settlement agreement on the court record, there is "no need for an evidentiary hearing on whether an agreement existed, or what its terms were," and the court is empowered to summarily enforce the agreement. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1139 (9th Cir. 2002).

It is undisputed Defendant NEI breached the Settlement Agreement when it failed to make payments due to Plaintiff on October 1, 2016, November 1, 2016, and December 1, 2016. It is also undisputed that Plaintiff is entitled to have judgment entered in its favor and against Defendant NEI for the full amount stipulated in the sum of $45,620.00, less credit for payment in the sum of $11,405.00 for a total sum of $34,215.00, plus court costs incurred in the sum of $509.00, plus interest at the rate of 10% per annum from September 1, 2016, through December 22, 2016, in the sum of $1,049.89. Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Ex Parte Request to Resume Jurisdiction, Reopen Case as to All Parties, and Enter Money Judgment as to Defendant NEI Contracting and Engineering, Inc. (ECF No. 34) is hereby **GRANTED**;

2. The Clerk of Court is instructed to please enter the parties' stipulated **JUDGMENT** in favor of Plaintiff, UNITED STATES for the use and benefit of SAFWAY SERVICES, LLC and against Defendant NEI CONTRACTING AND ENGINEERING, INC. **$35,773.89**; and

3. A telephonic, attorneys-only Settlement Disposition Conference between Plaintiff and Defendant PIIC only is hereby SET for **February 7, 2017** at **2:30 p.m.** For purposes of the Conference, Plaintiff shall coordinate placing a joint call to Judge Burkhardt's chambers with counsel for Defendant PIIC already on the line.

IT IS SO ORDERED.

Dated:  January 27, 2017

_Jill Burkhardt_
Hon. Jill L. Burkhardt
United States Magistrate Judge